Ms. Didi Sallings Executive Director Arkansas Public Defender Commission 101 East Capitol, Suite 201 Little Rock, AR 72201
Dear Ms. Sallings:
This is in response to your request for an opinion on the following questions:
 1. Is it permissible for full-time and part-time public defenders, paid by the State, to request and receive payment from the Arkansas Supreme Court and Court of Appeals for appellate work?
 2. Does the answer to Question 1 differ in the public defender was not the trial attorney in the case?
 3. May the Public Defender Commission, in its discretion, pursuant to Ark. Code Ann. § 16-87-212(a)(2), refuse payment for expert assistance in a dependency-neglect case?
RESPONSE
With regard to your first two questions involving payment of public defenders for appellate work, it is my understanding that this issue is currently before the Arkansas Supreme Court in the case of Rushing v.State, No. CR 98-1312. The public defender has petitioned in Rushing for an award of attorney's fees for his appellate work. Although this case involves a full-time public defender, I believe it is likely that the Court's ruling will also be applicable to those employed as public defenders on a part-time basis, as well as those who are assigned to the appeal. This set of circumstances prevents me from responding to your request. It is the longstanding policy of this office that opinions not be rendered on matters that are currently in litigation. Any attempt to address the substance of your questions in this instance involving payment of public defenders for appellate work would clearly violate this policy. These issues have been raised in judicial proceedings and are properly addressed in that forum, pursuant to the Court's power and duty to interpret the law as enacted by the General Assembly.
The issue under your third question involving the Commission's payment for expert assistance in a dependency-neglect case is, as you have noted, the subject of a court order. Ark. Dept. of Human Services v.Smith, No. J 96-59-4 (Jefferson Co. Chancery Ct., Juv. Div.) (Order Granting Motion to Reconsider, entered 4-29-99, hereinafter "Order"). According to the Order, the Court has directed that the Commission pay for an independent review of medical records and for a physician's medical expert witness fee. See Order at para.19. It thus appears that the Chancery Court has spoken on this subject, and in doing so has exercised its judicial authority to interpret the law. I am not in a position in this instance to question the propriety of this judicial action through issuance of an official opinion and thereby indirectly suggest a course of action in defiance of a court order. Were I to issue my opinion at this point as to the Order which otherwise appears facially valid, I believe I would be placing my office, which is in the executive department of government, in conflict with a matter that now lies exclusively within the judicial branch. I must therefore decline to address this question.
Where questions exist surrounding the propriety of judicial actions that have been taken in relation to particular matters, I must conclude that the remedies available within the judicial forum are more appropriate than the issuance of an opinion from my office which, under these circumstances, would in essence amount to no more than an executive comment on a judicial ruling. Nothing short of a final decision by the appropriate court can resolve these matters.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh